IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>FREDERICK MACKIE,<br>　　　　Defendant.　　　　　　　/ | No. 16-cr-00120 CRB<br><br>**ORDER DENYING MOTION TO ARREST JUDGMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 34** |

Defendant Frederick Mackie ("Mackie") moves to arrest the judgment resulting from the jury verdict returned on October 26, 2016. Mot. (dkt. 66) at 1. The jury found Mackie guilty of violating 18 U.S.C. § 922(g)(1) for being a convicted felon in possession of a firearm that had been shipped in interstate commerce. Verdict Form (dkt. 63). Mackie contends that because the verdict form did not specifically include the interstate commerce element of the offense, it was not found by the jury, and that the Court is therefore without jurisdiction to enter judgment against him under Rule 34(a) of the Federal Rules of Criminal Procedure. See Mot. at 1. He argues that the case must be dismissed. Id.

The Court denies the motion because it has jurisdiction over the offense charged in the indictment and the verdict form specifies the same offense. Furthermore, the Court properly instructed the jury as to the elements of the offense.

## I.    BACKGROUND

On December 22, 2015, a passerby flagged down two uniformed SFPD officers patrolling in the Tenderloin and notified them that Defendant Frederick Mackie had a gun.

Oct. 25, 2016 Trial Tr. (dkt. 72) at 5–10. The officers stopped Mackie and found a loaded firearm in his jacket pocket. Id. at 11–14. Mackie was placed under arrest. Id. at 15, 37.

Based on Mackie's previous felony convictions, the government indicted him under 18 U.S.C. § 922(g)(1). See generally Gov't Trial Br. (dkt. 53) at 4; see also Indictment (dkt. 1). A violation under § 922(g)(1) has three elements: the defendant must (1) have a prior felony conviction; (2) knowingly possess a firearm; (3) that has moved in interstate commerce. Indictment (dkt. 1). At trial, the parties stipulated that Mackie had a prior felony conviction at the time he possessed the firearm, satisfying the first element. Oct. 25, 2016 Trial Tr. (dkt. 72) at 86. As to the second element, the Government proffered testimony from the arresting officers to prove that Mackie was carrying a firearm at the time of his arrest. Id. at 11–13, 79. Finally, to prove that the firearm moved in interstate commerce—the jurisdictional element of the offense—the Government proffered testimony from ATF Special Agent Timbang, a firearms expert with a specialty in "interstate nexus determination." Id. at 44–72. The Agent testified that the firearm's frame was manufactured in Connecticut and the gun was assembled in Massachusetts. Id. at 58–59.

The Government rested its case, and Mackie did not call any witnesses or submit contrary evidence. See Oct. 26, 2016 Trial Tr. (dkt. 73) at 3. The Court instructed the jury as to the three elements of the offense, noting that the government had the burden of proving each element beyond a reasonable doubt. Id. at 7–8; see also Jury Instructions (dkt. 58) at 10. On October 26, 2016, the jury returned a guilty verdict. See Verdict Form. Mackie timely moved to arrest the judgment on November 9, 2016. See Mot. (dkt. 66). Mackie also filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on November 9, 2016, but withdrew that motion on December 23, 2016. See Mot. for New Trial (dkt. 65); see also Notice of Withdrawal (dkt. 79). Both motions relied on the fact that the verdict form omitted the jurisdictional element of the offense.[1]

---

[1] Though not relevant in the context of a Rule 34 motion, it bears noting that defense counsel reviewed the verdict form before it was submitted to the jury and told the Court that he "[did not] see any problem with it." See Oct. 25, 2016 Trial Tr. (dkt. 72) at 101.

## II. LEGAL STANDARD

Under Rule 34(a) of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion . . . the court must arrest judgment if it does not have jurisdiction over the charged offense." Rule 34 provides no basis for relief other than lack of jurisdiction. Fed. R. Crim. P. 34. In determining whether to arrest judgment, a court may only look to the "face of the record;" it may not consider evidence offered at trial. United States v. Sisson, 399 U.S. 267, 281 (1970) (internal quotation marks omitted). Thus, the court is "limited to the indictment, the plea, the verdict and the sentence." People of Territory of Guam v. Palomo, 511 F.2d 255, 259 (9th Cir. 1975). Accordingly, a Rule 34 motion fails if the face of the record establishes the trial court's jurisdiction over the charged offense.

## III. DISCUSSION

### A. Subject-Matter Jurisdiction

The single-count indictment against Mackie charged him with being a convicted felon in possession of a firearm "in and affecting interstate and foreign commerce," in violation of a federal statute—18 U.S.C. § 922(g)(1). Indictment (dkt. 1). This Court, like every other district court of the United States, has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; see also United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) ("In every federal criminal prosecution, subject-matter jurisdiction is conferred by 18 U.S.C. § 3231."). The offense charged in the indictment determines the threshold question of whether a court has subject-matter jurisdiction. Ratigan, 351 F.3d at 963 (noting that where "an offense of the laws of the United States was set forth and returned in the indictment, the district court had jurisdiction . . . of the subject matter.") (internal quotation marks and citation omitted); see also United States v. Jinian, No. CR 09-1103, 2011 WL 5056978, at *2 (N.D. Cal. Oct. 24, 2011) (denying a Rule 34 motion on the grounds that the district court had jurisdiction over the offense because the indictment, "on its face," charged "each of the essential elements of a violation of [federal law].").

1    Mackie acknowledges that "the problem does not arise from the indictment, which
2 alleges the three elements necessary to establish a violation of 18 U.S.C. § 922(g)." Def.'s
3 Mem. of P. & A. (dkt. 80) at 3. In doing so, he effectively concedes that the Court had
4 subject-matter jurisdiction of the charged offense at the outset. Mackie asserts, however, that
5 relief under Rule 34 is warranted because the Court subsequently lost subject-matter
6 jurisdiction as a result of the omission of the "jurisdictional element" from the verdict form,
7 demonstrating the "jury's failure to find that the government proved the jurisdictional
8 element beyond a reasonable doubt." See Reply (dkt. 83) at 2–3.

9    The Ninth Circuit has rejected this argument. See Ratigan, 351 F.3d at 962–64
10 (denying motion to vacate under 28 U.S.C. § 2255 where defendant claimed that a defect in
11 the jurisdictional element of a federal offense "necessarily implicates the court's
12 subject-matter jurisdiction"). In Ratigan, the court noted that "courts have consistently
13 determined that the jurisdictional element of federal crimes does not present a pure question
14 of a court's subject-matter jurisdiction." Id. at 963. Therefore "any challenge claiming the
15 government failed to prove at trial that essential element does not thereby undermine the
16 court's subject-matter jurisdiction, or its power to hear the case." Id. at 964. Instead, a
17 challenge regarding the jurisdictional element of an offense goes to the merits of the case and
18 the sufficiency of evidence presented at trial. Id. at 963. As noted above, consideration of
19 the evidence is not permitted in deciding a motion under Rule 34, and a court must only
20 consider the offense as charged on the face of the record.[2] Sisson, 399 U.S. at 281.

21    The indictment identifies the offense charged as 18 U.S.C. § 922(g), and as noted
22 above, Mackie concedes that the indictment properly "alleges the three elements necessary to
23 establish a violation" of that offense. See Def.'s Mem. of P. & A. (dkt. 80) at 3. Thus, as a
24 threshold matter, the Court has subject-matter jurisdiction of the charged offense pursuant to
25 18 U.S.C. § 3231. The verdict form likewise identifies the charged offense as 18 U.S.C. §
26 922(g). Verdict Form (dkt. 63). For purposes of Rule 34, the inquiry ends there. See Sisson,

---

[2] Mackie is not challenging the evidence presented at trial and recognizes that "the sufficiency of the government's trial evidence is not in issue and cannot be considered in deciding [this] motion." See Reply at 2.

4

399 U.S. at 281; People of Territory of Guam v. Palomo, 511 F.2d at 259; see also Ratigan, 351 F.3d at 962.

Mackie's argument to the contrary rests on a misreading of a Civil War era piracy case, United States v. Jackalow, 66 U.S. 484 (1861).[3] See Def.'s Mem. of P. & A. (dkt. 80) at 3–4. In Jackalow, the Supreme Court set aside the verdict based on the trial court's failure to present an underlying question of material fact to the jury regarding proper venue; the Supreme Court did not strip the trial court of jurisdiction based on the omission of the jurisdictional element on the special verdict form.[4] Jackalow, at 487–88. The Court instead remanded the case <u>to the trial court</u> to conduct a new trial.[5] Id. (emphasis added).

### B.   Jury Instructions

Notwithstanding the dispositive issue of subject-matter jurisdiction for purposes of a Rule 34 motion, Mackie's motion would also fail under a "plain error" standard of review because the Court properly instructed the jury as to the elements of the offense. The "plain error" standard applies where a party fails to timely object to a claimed error at trial, but later seeks reversal of the trial court's judgment by motion or on appellate review based on that

---

[3] Mackie also asserts a broader constitutional argument under the Fifth Amendment, citing United States v. Gaudin, 515 U.S. 506 (1995). See Def.'s Mem. Of P. & A. (dkt. 80) at 3 (asserting the "critical importance of a jury determination that each and every element of the charged offense has been proven by the government beyond a reasonable doubt before a guilty verdict can be returned."). However, Gaudin was not decided in the context of a Rule 34 motion, but instead dealt with defective jury instructions, which are not at issue here. See Gaudin, 515 U.S. at 507–08. What is more, the instructions here were in fact proper. See infra Part III.B.

[4] The Sixth Circuit has rejected a similar argument citing Jackalow for the proposition "that a special verdict form must contain all of the elements of the crime charged or else the jury's verdict must be set aside." See United States v. Stonefish, 402 F.3d 691, 698 (6th Cir. 2005).

[5] The defendant in Jackalow was indicted and tried in the former Circuit Court of the United States in the district of New Jersey—the state where he was apprehended—and convicted of piracy "on the high seas" in violation of a federal statute. 66 U.S. at 485. The special verdict form found that the defendant committed the offense while aboard a ship located in waters adjoining Connecticut and New York, but did not specify whether that location "was within the jurisdiction of any State, within any district of the United States, or upon the high seas." Id. At sentencing, a question of proper venue arose based on a dispute as to whether the location of the ship described in the special verdict was within the territorial waters of New York at the time of the offense. Id. at 486–87. If it were, the federal court in New Jersey would be without jurisdiction. Id. The Supreme Court found that because the disputed boundary issue was a question of material fact, it must be presented to the jury "under proper instructions" to determine the appropriate venue. Id. at 487–88. Thus, the Court set aside the verdict and remanded the case for a new trial. Id.

5

alleged error. See United States v. Olano, 507 U.S. 725, 731 (1993) (citing Fed. R. Crim. P. 52(b)). A court will reverse for plain error "only if clear error prejudiced the defendant's substantial rights so as to affect seriously the fairness or integrity of the judicial proceedings." United States v. Arreola, 467 F.3d 1153, 1161 (9th Cir. 2006) (internal quotation marks omitted).

The First and Sixth Circuits have recognized that a verdict form need not list every element of an offense if the jury has been properly instructed as to the elements. See United States v. Riccio, 529 F.3d 40, 47 (1st Cir. 2008) (finding no plain error where verdict form omitted an element of a federal offense, and noting that the court is "not required to reiterate" every element of the offense in the verdict form where jury is properly instructed as to all elements); see also United States v. Edelkind, 467 F.3d 791, 795 (1st Cir. 2006) (same); United States v. Stonefish, 402 F.3d 691, 699 (6th Cir. 2005) (same). In Edelkind, the defendant was convicted of "bank fraud against federally insured banks" under 18 U.S.C. § 1344. Id. at 793. The defendant challenged his conviction, in part, on the grounds that the "verdict form itself . . . omitted an element of the statutory offense—specifically, that the defrauded institution be one that was federally insured." Id. at 795. The court rejected the defendant's argument, noting that "the jury was specifically instructed that they 'must be convinced beyond a reasonable doubt' of each of the four elements of the offense, including (as one of the four elements) that 'the financial institution in question was federally insured.'" Id.; see also Riccio, 529 F.3d at 47 (noting that verdict forms must be reviewed "in conjunction with the jury instructions, in order to determine whether issues were fairly presented to the jury.").

As noted above, the Court's instructions to the jury specified that a finding of guilt under 18 U.S.C. § 922(g)(1) required the government to prove three elements beyond a reasonable doubt: (1) Mackie knowingly possessed the Smith & Wesson model firearm in question; (2) the firearm "had been shipped or transported from one state to another;" and (3) at the time Mackie possessed the firearm, he had been convicted of a felony. Oct. 26, 2016 Trial Tr. (dkt. 73) at 7–8; see also Jury Instructions (dkt. 58) at 10. Thus, the Court properly

instructed the jury as to all three elements of the charged offense.  Viewing the jury instructions in conjunction with the verdict form, the triable issues were fairly presented to the jury and the omission in the verdict form constitutes harmless error.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the motion to arrest the judgment pursuant to Rule 34.

**IT IS SO ORDERED.**

Dated: February 8, 2017



CHARLES  R. BREYER

UNITED STATES DISTRICT JUDGE